IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kanisha Anne Shani Wall, | ) | C/A No.: 3:18-1225-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Enterprise Holding, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the motion of Kanisha Anne Shani Wall ("Plaintiff") to amend her complaint [ECF No. 31] and Defendant's motion to dismiss [ECf No. 19]. The motions having been fully briefed [ECF Nos. 23, 30, 32, 34], they are ripe for disposition.

I.  Motion to Amend

In the body of her proposed amended complaint, Plaintiff requests the court to accept her "amendment to Jurisdiction and venue number (5)." [ECF No. 31]. Paragraph number five of the proposed amended complaint acknowledges that Defendant attached an affidavit indicating she served Defendant at an incorrect address. *Id.*; *see also* ECF No. 19-1. The affidavit is signed by Michelle Robson, Group Risk Manager for Enterprise Leasing Company—Southeast, LLC ("Enterprise Leasing") and states there is no such entity as Enterprise Holdings, Inc., but that Enterprise Leasing is the correct party. [ECF No. 19-1 at ¶¶ 1–4]. She also provides the correct address for

Enterprise Leasing's registered agent. *Id.* at ¶ 5. Plaintiff's proposed amended complaint acknowledges the address provided in Robson's affidavit, but does not change the name of Defendant.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Plaintiff's proposed amendment is futile because she has not corrected the name of the defendant and her acknowledgment of the correct address does not cure her failure to effect service. Therefore, Plaintiff's motion to amend is denied. However, the Clerk of Court is directed to substitute Enterprise Leasing Company—Southeast, LLC, as the proper defendant in this action.

II. Service of Process

Enterprise Leasing filed a motion to dismiss Plaintiff's complaint based on failure to properly perfect service of process. [ECF No. 19]. Plaintiff has not properly served Enterprise Leasing pursuant to Fed. R. Civ. P. 4.

However, Rule 4(m) also states that if the plaintiff shows good cause for the failure to properly serve a defendant, the court should extend by an appropriate amount the time for service. Plaintiff immediately attempted to serve the defendant upon being issued a summons, although she ultimately did not perfect service pursuant to Rule 4's requirements, as the named defendant is incorrect and the documents were not mailed to the correct address for the proper party.

Counsel for Enterprise Leasing is directed to advise the court by October 25, 2018, via a short filing on the docket whether they are authorized to accept service on behalf of Enterprise Leasing. If counsel is not authorized to accept service, the undersigned plans to extend Plaintiff's deadline for perfecting service of process. If counsel is authorized to accept service, Enterprise Leasing's motion to dismiss will be rendered moot and it will have 21 days to answer or otherwise plead.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 15, 2018  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge